Mikhail **RADKOVSKIY,** Nadia **Radkovska, Petitioners,**

v.

Alberto R. **GONZALES,**[1] as United States Attorney General, Michael **Chertoff,**[2] as Secretary, United Stated Department of Homeland Security, **Respondents.**

No. 03–40308–ag.

United States Court of Appeals, Second Circuit.

June 21, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security, Michael Chertoff, is automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

Mark T. Kenmore, Buffalo, NY, for Petitioner.

Toi Denise Houston, Assistant United States Attorney, Hammond, IN, for Respondent.

Present: DENNIS JACOBS, ROBERT D. SACK and RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Mikhail Radkovskiy and Nadia Radkovska petition for review of the BIA decision summarily affirming the decision of Immigration Judge ("IJ") Michael Rocco denying their application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review *de novo* questions of law regarding " 'what evidence will suffice to carry any asylum applicant's burden of proof.' " *Islami v. Gonzales,* 412 F.3d 391, 396 (2d Cir.2005) (quoting *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 146 n. 2 (2d Cir. 2003)). We review agency findings of fact under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir. 2004).

The IJ found that the Radkovskiys failed to demonstrate past persecution or a wellfounded fear of future persecution. He found that economic disadvantage and discriminatory practices by themselves do not rise to the level of persecution. Additionally, the IJ found that since the overthrow of the communist regime in 1991, evangelicals such as Ms. Radkovska are no longer denied religious freedom and can worship without interference. The IJ also determined that the Radkovskiys' fear of returning to a communist dictatorship was speculative and not supported by current country condition information contained in

the record. Finally, he found that the act of arson against the Radkovskiys' house did not amount to persecution, as there was no evidence of a nexus between the event and a protected ground.

While we have not established a minimum threshold of harm that an asylum applicant must show in order to establish past persecution, we require that the alleged harm be severe. *Ai Feng Yuan v. DOJ,* 416 F.3d 192, 198 (2d Cir.2005). General harassment that is not extreme does not constitute persecution. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). Economic deprivation may constitute persecution under some circumstances, but petitioner must offer some proof that he suffered "deliberate imposition of substantial economic disadvantage." *Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67, 70 (2d Cir.2002) (internal citations omitted). The IJ acted reasonably in determining that the problems the Radkovskiys encountered as a result of Radkovska's religious beliefs did · not amount to persecution, because they were never physically harmed and were able to maintain almost continuous employment, although they had to travel to various parts of their country to secure teaching jobs.

The IJ also found that the burning of their house in 1988, two years after they had left it and while it was rented to tenants, did not constitute persecution on account of a protected ground. Radkovska testified that she thought the house was burned on account of her religion because in 1986, a window had been broken and they had been threatened with burning along with their home. The IJ acted reasonably in determining that no nexus existed, inasmuch as Radkovska failed to support her assertion that it was on account of her religion with other testimony or documentary evidence.

The IJ found that the Radkovskiys' fear of future persecution on account of Radkovska's evangelical beliefs was contradicted by country condition evidence in the record. She testified that she feared that on return to Ukraine she would suffer because of her religious beliefs, but the IJ correctly noted that the Asylum Profile for Ukraine for 1997 stated that since the overthrow of communism in 1991, Evangelical Christians are no longer denied religious freedom. Additionally, the IJ correctly noted that according to the Profile Ukraine continues to make progress toward building a law-based society, and reasonably found Radkovskiy's fear that Ukraine was on the brink of return to a communist regime speculative. This Court has warned against overreliance on State Department material and failure to consider any contrary evidence presented by the petitioner. *See Tian–Yong Chen,* 359 F.3d at 130. Here, the IJ's conclusion that the Radkovskiys' fear of future persecution was unfounded is substantially supported by the record as a whole, inasmuch as he considered the State Department's country condition materials in conjunction with their testimony regarding their experiences in Ukraine.

The IJ's denial of asylum is thus substantially supported by the record as a whole. Because the petitioners were unable to show the objective likelihood of persecution needed to make out an asylum claim, they were necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DE-

NIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).